# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2022

Lyle W. Cayce
Clerk

No. 20-61071
Summary Calendar

Nathania Funa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 600 491

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:*

Nathania Funa, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He raises arguments

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61071

concerning the BIA's declining to consider the applicability of the transit ban of 8 C.F.R. § 208.13(c)(4) and whether he should receive asylum notwithstanding the adverse credibility decision. He fails to brief, and has thus abandoned, the issue whether the BIA erred by upholding the immigration judge's (IJ's) adverse credibility decision, as well as any issues he may have had related to the denial of withholding of removal and CAT relief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

This court is authorized to review only the BIA's decision and thus considers the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Consequently, insofar as Funa challenges the IJ's application of the transit bar, we will not consider this issue. *See id.* Insofar as he argues that the BIA erred by not considering application of the transit bar, this argument fails, as an adverse credibility finding is a sufficient basis for the denial of asylum. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Finally, we will not consider his argument that he should receive asylum notwithstanding the adverse credibility finding due to the strength of his documentary evidence because he did not present it to the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). The petition for review is DENIED in part and DISMISSED in part.